UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CERRON HAWKINS,

    *Plaintiff*,

v.

WHOLE FOODS MARKET GROUP, INC.,

    *Defendant*.

Civil Action No. 1:24-cv-03027 (CJN)

## ORDER DENYING MOTION FOR RECONSIDERATION

    This matter is before the Court on Plaintiff Cerron Hawkins' Motion for Reconsideration. ECF No. 12.  On June 2, 2025, the Court granted Defendant Whole Foods' Motion to Dismiss. ECF No. 11.  In particular, the Court dismissed Hawkins' tort and contract claims with prejudice because they are barred by the District of Columbia Workers' Compensation Act, *see id.* at 3–4, and his Title VII claims without prejudice because he failed to allege sufficient facts to state a plausible claim for relief, *id.* at 4.  The Court granted Hawkins leave to file an amended complaint regarding only the Title VII claims by June 30, 2025.  *Id.* at 5.

    Rather than amend his Complaint, Hawkins filed the pending "Motion to Dismiss, Vacate, and or Reconsider" the Court's June 2, 2025, Order on June 26, 2025.  Hawkins moves for reconsideration citing Federal Rule of Civil Procedure 60(b)(1), which authorizes relief from a final judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect."  Because Hawkins filed his motion within 28 days of the Court's Order, the Court may also treat it as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

    Motions for reconsideration are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence,

1

or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (citation omitted). Such motions are not an opportunity "to reargue facts and theories upon which a court has already ruled." *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80–81 (D.D.C. 2015) (citation omitted). But Hawkins' motion attempts to do just that. He has failed to identify any intervening change in law, new evidence, or clear error that would warrant reconsideration of the Order. He essentially seeks to relitigate issues the Court has already decided, apparently due to a misunderstanding of the Court's previous order.[1]

The Court further notes that the deadline to file an amended complaint (June 30, 2025) passed while this Motion was pending. Because Hawkins is proceeding *pro se*, however, **the Court will grant a brief extension to file an amended complaint <u>limited to Hawkins' Title VII claims</u>**. Failure to timely amend the complaint will result in the dismissal of this action with prejudice.

Accordingly, it is

**ORDERED** that Hawkins' Motion for Reconsideration, ECF No. 12, is **DENIED**; and it is further

**ORDERED** that Hawkins shall file an Amended Complaint consistent with the Court's June 2, 2025, Order on or before February 9, 2026.

**SO ORDERED**.

DATE: January 7, 2026

*[signature]*

CARL J. NICHOLS
United States District Judge

---

[1] For example, Hawkins argues that the District of Columbia Workers' Compensation Act bears "no relevance" to this case and cannot be used to "subvert Title VII." Mot. at 2. But the Court did not dismiss Hawkins' *Title VII* claims based on that Act; the Court dismissed his *common law tort* claims because, under District of Columbia law, the Act is the exclusive remedy for workplace injuries. *See* Order at 3–4.